IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. DUSTIN KYLE MARRIS *Defendant.* | Case No. CR-20-138-RAW |

### ORDER

On October 15, 2021, the Government filed a notice of intent to offer expert witnesses. In that notice, the Government states that it will call OSBI Special Agent Travis Smiddy who will testify that damage observed to the Defendant's car is damage from a bullet and is consistent with a firearm being discharged from the driver's seat. Docket No. 57, at 2. The Government stated that Agent Smiddy's findings and report would be disclosed to the Defendant. *Id*. The Government attached Agent Smiddy's 7-page curriculum vitae to its notice. Docket No. 57-3.

Now before the court is the Defendant's motion in limine to exclude the proposed expert testimony of Agent Smiddy [Docket No. 62]. The Defendant argues that this proposed expert testimony fails to qualify under Fed. R. Ev.d 702 and the standard of *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 79 (1993). The Defendant argues that the Government's notice fails to state whether examination of a photograph is a reliable method for determining the nature of the projectile or source of defect and fails to set forth the method for making such a determination. The Defendant also argues that Agent Smiddy's CV does not indicate that he has experience or training in determining the source of defects from photographs. The Defendant requests a *Daubert* hearing and that the court exclude the expert testimony.

The Government attached to its response Agent Smiddy's findings, the photograph of the damage to the Defendant's car, and reference exemplars. Docket No. 64-2, 3, and 4. The Government states that these were all provided to the Defendant's attorneys via email on October 18, 2021 and through the formal discovery process on October 20, 2021.

Pursuant to Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "Under Rule 702, a district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the tier of fact, before permitting a jury to assess such testimony." *Unites States v. Rodriguez-Felix*, 460 F.3d 1117, 1123 (10th Cir. 2006).

In assessing reliability, the court may consider:

> (1) whether the theory at issue can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether there is a known or potential rate of error and whether there are standards controlling the methodology's operation; and (4) whether the theory has been accepted in the relevant scientific community.

*Id.* (citing *Daubert*, 509 U.S. at 593-94). If the court finds the court finds reliability, it considers: (1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a witness's credibility." *Id.* (citing *Daubert*, 509 U.S. at 593).

As to reliability, for the reasons stated in the Government's response and based upon the attachments thereto, the court agrees that Agent Smiddy's testimony and conclusions are reliable, as they were based on his training and experience, the use of the Complete Crime Scene

Investigation Handbook (the "Handbook"), a review of photographs taken of the Defendant's car, and a comparison to known exemplars. Agent Smiddy's CV shows that he has training in "shooting incident reconstruction." The Government informs the court further that the author of the Handbook used was also the instructor for several courses Agent Smiddy attended, including "shooting incident reconstruction."

Under the *Daubert* factors, the court finds that: (1) the factors Agent Smiddy relied upon are easily capable of being tested; (2) the Handbook used establishes that the factors are published and subject to peer review and demonstrates the existence and maintenance of standards; and (3) the factors are accepted in the relevant scientific community, as evidenced by the OSBI sending its agents to training and conferences led by the author of the Handbook.

Agent Smiddy's testimony and conclusions are clearly relevant in this case. Relevant evidence is evidence having "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The Defendant is charged in this case with attempting to kill an officer by discharging a firearm while fleeing in his car. Agent Smiddy will testify that the damage to the Defendant's car is consistent with a projectile defect from a fired bullet. The evidence is also clearly not within the jury's common knowledge and experience. Finally, the evidence will not usurp the role of the jury in evaluating any witness's credibility.

Accordingly, the Defendant's motion in limine to exclude expert testimony and request for *Daubert* hearing [Docket No. 62] is hereby DENIED.

**IT IS SO ORDERED** this 28th day of October, 2021.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**